1
2
3
4
5
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
6
7   ROSE TERESA MILLER,

8                          Plaintiff,          CASE NO. C14-0891-MJP-MAT

9        v.

10  CAROLYN W. COLVIN, Acting          REPORT AND RECOMMENDATION
    Commissioner of Social Security,   RE: SOCIAL SECURITY DISABILITY
                                       APPEAL
11
                         Defendant.
12

13        Plaintiff Rose Teresa Miller proceeds through counsel in her appeal of a final decision of

14  the Commissioner of the Social Security Administration (Commissioner).   The Commissioner

15  denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security

16  Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the

17  ALJ's decision, the administrative record (AR), and all memoranda of record, the Court

18  recommends that this matter be AFFIRMED.

19                      **FACTS AND PROCEDURAL HISTORY**

20        Plaintiff was born on XXXX, 1980.[1]   She attended high school through the eleventh

21  grade.  (AR 21, 34.)   She has past relevant work as a waitress, informal; home attendant; photo

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case
Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE - 1

checker and assembler; account info clerk; and office assistant.  (AR 20.)

Plaintiff filed applications for DIB and SSI on February 26, 2011, alleging disability beginning December 31, 2004.  At hearing, she amended the alleged onset date to January 1, 2010. (AR 33.)  She is insured for DIB through June 30, 2011.  Plaintiff's applications were denied at the initial level and on reconsideration, and she timely requested a hearing.

On August 9, 2012, ALJ Wayne N. Araki held a hearing, taking testimony from plaintiff and a vocational expert.  (AR 30-66.)  On September 26, 2012, the ALJ issued a decision finding plaintiff not disabled from January 1, 2010 through the date of decision.  (AR 11-22.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on April 17, 2014 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the amended alleged onset date.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff's Crohn's disease, affective disorder, and anxiety disorder severe.  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

REPORT AND RECOMMENDATION
PAGE - 2

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c). She is able to remember, understand, and carry out instructions or tasks generally associated with occupations with an SVP (Specific Vocational Preparation level) of 1 through 4. She can have frequent interaction with the general public, but should avoid tasks involving persuasion, supervision, mentoring, instructing, or diverting. With that assessment, the ALJ found plaintiff able to perform her past work of home attendant and photo checker and assembler.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Although finding plaintiff not disabled at step four, the ALJ proceeded in the alternative and considered the plaintiff's RFC, age, education, and work experience in conjunction with the Medical-Vocational Guidelines.[2] The ALJ found plaintiff not disabled under the framework of Medical-Vocational Rule 203.26. (AR 21-22.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747,

---

[2] The Medical-Vocational Guidelines or "grids" present a short-hand method for determining the availability and numbers of suitable jobs for claimants, addressing factors relevant to a claimant's ability to work, such as age, education, and work experience. *See* 20 C.F.R. Pt. 404, Subpt. P, App 2. Their purpose is to streamline the administrative process and encourage uniform treatment of claims. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).

REPORT AND RECOMMENDATION
PAGE - 3

1   750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the

2   ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954

3   (9th Cir. 2002).

4          Plaintiff argues the ALJ failed to properly consider the opinions of treating physician Dr.

5   Scott Lee, psychologist Dr. Sanchez, psychiatrist Dr. Romalee Davis, Dr. James Czysz, and the

6   mental health therapist at the Community Psychiatric Clinic.  As a result, plaintiff argues, the

7   ALJ failed to consider all medical opinions in determining her RFC.  She further argues the ALJ

8   failed to properly evaluate the credibility of her testimony or that of lay witness Jason Vasquez.

9   She requests remand for an award of benefits or, alternatively, for further administrative

10  proceedings.  The Commissioner argues that the ALJ's decision is supported by substantial

11  evidence and should be affirmed.

12                  <u>ALJ's Consideration of the Medical Opinion Evidence</u>

13         The first issue identified by plaintiff for consideration is that the ALJ "[i]mproperly

14  rejected the medical opinions of the treating providers" about her impairments.  (Dkt. 15 at 7.)

15  In general, more weight should be given to the opinion of a treating physician than to a non-

16  treating physician, and more weight to the opinion of an examining physician than to a non-

17  examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).   Where not

18  contradicted by another physician, a treating or examining physician's opinion may be rejected

19  only for "'clear and convincing'" reasons.  *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396

20  (9th Cir. 1991)).  Where contradicted, a treating or examining physician's opinion may not be

21  rejected without "'specific and legitimate reasons' supported by substantial evidence in the

22  record for so doing."  *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

23  1983)).

REPORT AND RECOMMENDATION
PAGE - 4

A.   Dr. Scott Lee

Plaintiff argues the ALJ "does not even once mention that Ms. Miller has been treated steadily for her Crohn's disease with Dr. Scott Lee at the University of Washington". (Dkt. 15 at 10.)  However, this oversight, if it occurred, would be insufficient to establish error.  The ALJ need not discuss each piece of evidence in the record.  *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  Instead, he "must explain why 'significant probative evidence has been rejected.'"  *Id.*  (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).  Plaintiff's contention, although not explicit, appears to be that Dr. Lee's records contradict the ALJ's finding that her Crohn's disease has improved significantly, and, as a result, the ALJ failed to incorporate relevant limitations in the RFC.

While the ALJ did not mention Dr. Lee by name, the decision does mention the co-author of his reports, Dr. Afzali, and explicitly discusses their reports.  (AR 16, 591-616.)  Contrary to plaintiff's contention, these notes provide substantial evidence support for the ALJ's finding that plaintiff's Crohn's disease has improved significantly.  (*Id.*)  *See Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)).

Neither Dr. Lee, nor Dr. Afzali proffered any opinion regarding the impact of plaintiff's Crohn's disease on her functional capacity.   While plaintiff argues the ALJ erred by not including any impairments associated with her Crohn's disease, she fails to show any connection between the ALJ's consideration of Dr. Lee's records and the assessment of her RFC.  The Court finds no error in the ALJ's consideration of the records of Dr. Scott Lee.

/ / /

REPORT AND RECOMMENDATION
PAGE - 5

B.   Dr. Sanchez

Plaintiff argues the ALJ erred by failing to address "the vast majority of limitations advanced by Dr. Sanchez" in the November 2009 Psychological/Psychiatric Evaluation conducted for the state DSHS. (AR 427-35.)   However, plaintiff does not specify which limitations are at issue, or present any argument as to why it was error for the ALJ to fail to incorporate them into the RFC.   Claims that are unsupported by explanation or authority may be deemed waived. *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 at * 2 (E.D. Cal. Sept. 2, 2008) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc*., 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)).

As the Commissioner notes, the ALJ provided a number of specific and legitimate reasons to reject those portions of Dr. Sanchez's opinions not incorporated into the RFC.   Dr. Sanchez relied primarily on plaintiff's self-reports of her limitations, which the ALJ found not fully reliable.   Dr. Sanchez' assessment of moderate cognitive limitations was contradicted by the mini-mental status examination she conducted, undermining the reliability of the doctor's opinion.   The ALJ also found Dr. Sanchez' opinion inconsistent with the longitudinal treatment records, which showed plaintiff's symptoms to be, at the most, intermittent.   (AR 19.)   *See Morgan*, 169 F.3d at 603 (ALJ appropriately considers internal inconsistencies within and between physicians' reports).   Plaintiff does not address the ALJ's reasoning, and does not succeed in establishing error in the ALJ's consideration of Dr. Sanchez' opinions.

C.   Dr. Romalee Davis

Plaintiff argues the ALJ erred by ignoring Dr. Davis' opinion that her colitis flares are worsened by her anxiety.   However, the Court finds the contention unavailing.   Dr. Davis did

REPORT AND RECOMMENDATION
PAGE - 6

note, in the "History of Past and Present Illness" section of the psychiatric evaluation, plaintiff's report that her "ulcerative colitis tends to flare up more or less with no known causes except that anxiety makes it worse." (AR 560.) This was not Dr. Davis' opinion, but rather a statement made by plaintiff. Dr. Davis' assessment of plaintiff's functioning consisted of the opinion that plaintiff "seems to do fairly well despite her depression," is capable of managing her funds, did well on the Mental Status Examination and had enough focus to catch and correct her errors in the serial sevens portion of the exam, and has good judgment. (AR 563.) The ALJ gave significant weight to the evaluation. The Court finds no error.

D.    Dr. Czysz

Plaintiff argues the ALJ ignored the October 2011 evaluative report from Dr. James Czysz. (AR 582-89.) To the contrary, the ALJ specifically mentioned the evaluation, giving it partial weight. Specifically, the ALJ gave some weight to the psychologist's assessment of cognitive factors, finding them generally consistent with plaintiff's "near perfect performance on mental status testing." (AR 19-20, 586.) However, the ALJ found Dr. Czysz's assessment of the social factors as "marked" to be inconsistent with plaintiff's treatment records, which document "only intermittent, acute problems with depression and anxiety." (AR 20, 584.) In that regard, the ALJ noted plaintiff was regularly described as friendly, engaged, pleasant, and polite, was able to attend appointments unaccompanied, shop for groceries twice a week and spend time with her friends once or twice a week, and maintain a fifteen-year relationship with her boyfriend. (*Id.*)

Although plaintiff argues Dr. Czysz's evaluation confirms that her "significant emotional distress is related to her physical functioning" (Dkt. 15 at 12), Dr. Czysz's opinion is, in fact, to the contrary. He opined plaintiff's sadness and physiological disturbances appear to play only a

REPORT AND RECOMMENDATION
PAGE - 7

minimal to moderate role in the clinical picture.  (AR 586.)  Plaintiff fails to establish error in the ALJ's consideration of Dr. Czysz's opinions.

E.     Community Psychiatric Clinic Mental Health therapist

Plaintiff received mental health treatment at the Community Psychiatric Clinic. (AR 618-33.)  She contends the ALJ failed to mention that her therapist wrote about her "frequent panic attacks" associated with her Crohn's bowel movement control and concerns of social responses. Plaintiff does not elaborate on this contention.

In fact, plaintiff's mental health counselor provided no opinion connecting plaintiff's panic attacks to her ulcerative colitis, and merely recorded plaintiff's reports to that effect.  (AR 620.)  The ALJ acknowledged plaintiff's treatment at the Community Psychiatric Clinic, noting the records do not document any persistent complaints of depression or anxiety, or any significant reports of panic episodes. (AR 17.)  Plaintiff does not challenge this characterization. The Court finds no error in the consideration of the records from the Community Psychiatric Clinic.

Credibility Assessment

In finding a social security claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings, supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.  "We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003).  The Court reviews the rejection of the plaintiff's testimony for "'specific, clear and convincing reasons.'" *Burrell v. Colvin*, __F.3d __, 2014 WL 7398892 at

*2 (9th Cir. Dec. 31, 2014) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)).

Plaintiff argues the ALJ failed to provide legally sufficient reasons in assessing the credibility of her testimony and of the lay witness.

A.    Plaintiff's testimony

Plaintiff makes a general argument that the ALJ's adverse credibility determination was improper, but does not discuss or specifically challenge the ALJ's reasons for finding her statements about the intensity, persistence, and limiting effects of her symptoms to be not fully credible.

Plaintiff testified she was unable to work "due to the stress of needing to be somewhere on time," that the stress causes her pain, that she has one to two bowel movements per week, that the bowel movements cause distress and pain and causes her to be exhausted and sleep for ten to twelve hours.  Plaintiff reported cramping in her lower abdomen, pain in her knees and hands, and lack of strength in her hands.  Due to low energy, she has problems walking.  She complained of depression and anxiety attacks, and panic attacks triggered by crowds and at times when she cannot access the restroom.  She indicates she can only focus for five to ten minutes, has trouble finishing projects, and takes a week to read a book.  (AR 16.)

The ALJ found this testimony not fully credible.  The medical records showed significant improvement with medication, and her doctor assessed her as doing relatively well with mild active symptoms.  (AR 16, 594-95.)  The ALJ found plaintiff's testimony about severe pain and distress with any bowel movement to be contradicted by the medical records, wherein she reported rarely having to use pain medication for flare-ups, and requiring infrequent refills of pain medication.  (*Id.*)  While plaintiff complained of disabling depression and anxiety, her contemporaneous reports to her medical providers did not document any persistent complaints in

REPORT AND RECOMMENDATION
PAGE - 9

that regard.  (AR 17.)  Although plaintiff testified at hearing that she had frequent panic attacks, treatment records reveal no significant reports of panic attacks, and several medical experts did not diagnose an anxiety disorder at all.  (*Id.*)

The ALJ found plaintiff's performance on mental status examinations to show intact cognitive factors, despite plaintiff's assertion at hearing that she could only focus for five to ten minutes.  Her daily activities do not corroborate her complaints of disabling symptoms.  The ALJ found plaintiff not motivated to make changes to try to be functional, blaming others for being insensitive to her needs. (*Id.*)

Plaintiff's objection to the ALJ's credibility assessment addresses only the discussion of her daily activities, contending they occur wholly within her comfort zone and on her own schedule.  However, even where those activities suggest some difficulty functioning, "they may be grounds for discrediting a claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."  *Molina*, 674 F.3d at 1112-13.  Plaintiff does not address or dispute the other reasons given by the ALJ for finding her complaints not fully credible, any of which would provide substantial evidence support for the ALJ's findings.  (Dkt. 15 at 13.)

The Court finds no error in the ALJ's assessment of plaintiff's credibility.

B.    Jason Vasquez

Mr. Vasquez, plaintiff's roommate and boyfriend, testified about her limitations.  (AR 59-66.)  Previous to that, he submitted a third-party function report.  (AR 309-16.)  Plaintiff disputes the ALJ's characterization of Mr. Vasquez' testimony as  not corroborated by the longitudinal treatment records.

An ALJ can reject the testimony of lay witnesses by giving germane reasons.  *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).  "Germane reasons" can include inconsistency

REPORT AND RECOMMENDATION
PAGE - 10

1   with the medical evidence, or contradictory evidence of claimant's activities and claimant's

2   reports.  *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001).

3       The ALJ found Mr. Vasquez's testimony disproportionate to the medical evidence, which

4   showed plaintiff's symptoms well managed by medication, and his reports of frequent panic

5   attacks contradicted by treatment records reporting minimal to no reports of panic episodes.  (AR

6   18.)   The ALJ found Mr. Vasquez' written report that plaintiff had "no issue with attention"

7   contradictory of his testimony she has a short attention span.  The ALJ also cited Mr. Vasquez'

8   testimony about plaintiff's daily activities as not corroborative of a finding of disability.  (*Id.*)

9   Any of these reasons provide legally sufficient grounds to support the ALJ's consideration of

10  Mr. Vasquez' testimony.

11      The Court finds no error in the ALJ's evaluation of the lay witness testimony.

12                          <u>Residual Functional Capacity</u>

13      Plaintiff argues the ALJ failed to consider all medical opinions in evaluating her RFC as

14  required by SSR 96-8p. However, as this argument is dependent on plaintiff's other assignments

15  of error, the Court likewise finds the ALJ did not err in evaluating plaintiff's RFC.

16                               **<u>CONCLUSION</u>**

17      For the reasons set forth above, this matter should be AFFIRMED.

18                        **<u>DEADLINE FOR OBJECTIONS</u>**

19
20      Objections to this Report and Recommendation, if any, should be filed with the Clerk and

    served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and

21  Recommendation is signed.  Failure to file objections within the specified time may affect your

22  right to appeal.  Objections should be noted for consideration on the District Judge's motions

23

REPORT AND RECOMMENDATION
PAGE - 11

calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on <u>**February 20, 2015**</u>.

DATED this <u>2nd</u> day of February, 2015.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 12